# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H. THOMAS, | CASE NO. 1:10-CV-01154-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE CLAIM WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| MAGEUA, et al., | (DOC. 1) |
| Defendants. | |

**Screening Order**

**I.     Background**

Plaintiff William H. Thomas ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on June 25, 2010. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary of Complaint

Plaintiff was previously incarcerated at North Kern Valley State Prison ("NKVP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: Doe 1, the acting Warden of NKVP; correctional officer Mageua; and medical administrators and staff at NKVP.

Plaintiff alleges the following. On February 23, 2010, Plaintiff was placed in a cell at NKVP by Defendant Mageua. After moving into the cell, Plaintiff's cell mate informed Plaintiff that the cell mate was HIV positive. Plaintiff became distraught and feared for his life and personal safety. Plaintiff was never informed that the cell mate was HIV positive prior to being moved into the cell. Plaintiff alleges a violation of the Eighth Amendment. Plaintiff seeks as relief monetary damages.

## III.  Analysis

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511

U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Here, Plaintiff fails to state a claim.  Plaintiff's contention that he was housed with a HIV positive inmate does not rise to the level of an Eighth Amendment violation.  Plaintiff fails to allege facts that indicate prison officials knew of and disregarded an excessive risk of serious harm to Plaintiff.  Merely being housed with a HIV positive inmate is not sufficient to demonstrate an excessive risk of serious harm.  Plaintiff also fails to allege facts that indicate Defendants knew of such danger when they placed Plaintiff in a cell with a HIV positive inmate.

Plaintiff also fails to allege with sufficient specificity the medical administrators and staff at NKVP who are allegedly responsible.  While the medical staff is made up of numerous individuals, Plaintiff cannot sue them as a group.  Section 1983 requires a Plaintiff to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff likewise fails to state a claim against Doe 1, acting warden of NKVP.  The United States Supreme Court emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so

3

1  deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force
2  of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal
3  citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

**IV.     Conclusion And Order**

Plaintiff's complaint fails to state any claims against any defendants under § 1983. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is reminded that he may not proceed with all five claims in this one action as they arise from a different transaction or occurrence. Fed. R. Civ. P. 20(a)(2). The Court does not grant Plaintiff leave to amend as to his claim for unlawful imprisonment.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims under 42 U.S.C. § 1983;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

1       first amended complaint curing the deficiencies identified herein; and

2   4.   If Plaintiff fails to respond within thirty (30) days, the Court will dismiss this

3       action for failure to obey a court order and failure to state a claim.

4   IT IS SO ORDERED.

5   Dated:   **March 18, 2011**            /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE